## Solomon v. Central Trust
*[Cite as 6 AOA 144]*

Case No. CA-8144
Stark County, (5th)
Decided August 27, 1990

*Sandra Watkins Cleaver, Darrell W. Holland, Jr., 806 Ameritrust Building, Canton, Ohio 44702, for Plaintiff-Appellee.*

*Sandra L. Merrill, David J. Simmons, 1000 United Bank Plaza, 220 Market Avenue South, Canton, Ohio 44702, for Defendant-Appellant.*

*Richard Sternberg, City Center, Suite 905, 146 South High Street, Akron, Ohio 44314, for Defendant-Appellant.*

PUTMAN, P.J.

This is an appeal from a judgment of the Probate Court Division of the Court of Common Pleas of Stark County, Ohio, declaring that plaintiff-appellee, Ruth Solomon (appellee), is the only child of William Solomon entitled to inherit under the terms of the testamentary trust created in the Last Will and Testament of Samuel Dreyer.

Defendant-appellant, Rochelle Lieberman (appellant), now seeks our review and assigns the following as error:

"I. THE PROBATE COURT ERRED IN DECLARING THAT ROCHELLE LIEBERMAN, AS AN ADOPTED CHILD, IS NOT INCLUDED WITHIN THE CLASS OF BENEFICIARIES SET FORTH IN ITEM VII(B) OF THE LAST WILL AND TESTAMENT OF SAMUEL J. DREYER.

"II. THE PROBATE COURT ERRED IN CLOSING THE CLASS OF BENEFICIARIES OF THE TESTAMENTARY TRUST AT THE TIME OF THE TESTATOR'S DEATH WHEN THE WILL SPECIFICALLY PROVIDED FOR THE VESTING OF THE CHILDREN'S RIGHTS AT THE TIME OF THE TERMINA- TION OF THE LIFE TENANCY OF WILLIAM SOLOMON."

For the reasons stated below, appellant's assignments of error are sustained. We reverse and remand the judgment of the trial court on the authority of *Central Trust Co. of Northern Ohio v. Smith* (1990), 50 Ohio St. 3d 133, and note that the trial court did not have the benefit of this case when it entered its judgment.

On February 25, 1963, Samuel J. Dreyer (testator) executed his Last Will and Testament. The will provided for the establishment of two trusts, Trust "A" and Trust "B." Both trusts were held for the benefit of the testator's wife, De Ette R. Dreyer, during her lifetime.

On January 28, 1967, the testator died and Trust "A" and Trust "B" were created under the terms of his will.

On August 10, 1981, the testator's wife died. The testator's will provided for the disposition of Trust "B" upon the death of his wife as follows:

"At the decease of my wife, the Trustee shall pay the proceeds including principal and any other accumulations as follows:

"B. Forty per cent of Trust B, subject to any additions in the event either of my sisters are not living at the time Trust B is to be distributed, shall be held by my trustee for the benefit of my brother, WILLIAM SOLOMON. My Trustee is directed to pay the entire net income derived from the trust estate to my said brother in quar- terly installments or oftener during his lifetime. In addition thereto, the Trustee is authorized and empowered to pay to him or to expend for his benefit such sum or sums from time to time as it may deem necessary or proper to provide for his suitable support, welfare, maintenance, or any

emergency, if, in the judgment of the Trustee his income and means of support hereunder and from other sources are not sufficient for such purposes.

"Upon the death of my said brother, or upon the death of the survivor of myself and my said wife if my said brother is not then living, the Trust estate held or intended to be held for his benefit or the balance thereof then remaining, shall vest in and be distributed share and share alike to his then living children, or in the event one or all of his said children have predeceased my said brother, and the survivor of myself and my said wife, if my said brother is not then living, said funds shall then go to the lineal descendants of my said brother's children per stirpes."

The testator's brother, William Solomon, had one natural child, the appellee. William Solomon also had an adopted child, the appellant. On December 2, 1985, William Solomon adopted appellant when she was an adult pursuant to R.C. 3107.02. Prior to adopting appellant, William Solomon had designated appellant as an heir at law.

William Solomon died on August 6, 1987. According to the above quoted portion of the testator's will, upon the death of William Solomon, 40% of Trust "B" passes to William Solomon's "then living children."

Appellee then filed a complaint for declaratory judgment requesting that the probate court determined whether appellant is a child of William Solomon and entitled to inherit under the terms of the testamentary trust created in the testator's Last Will and Testament. The probate court concluded that appellee, William Solomon's natural child, is the only child entitled to inherit.

We turn now to appellant's assignments of error.

### I.

By her first assignment of error, appellant argues that the probate court erred in not including her within the class of "his [William Solomon's] then living children" as provided for in the trust created under the testator's will. The probate court concluded that R.C. 3107.15(A)(2), enacted on January 1, 1977, had the effect of abrogating the common law "stranger to the adoption" rule. Thus, in concluding that the "stranger to the adoption" rule was not abrogated until 1977, after the testator's death in 1967, the probate court applied the rule to the testamentary trust created under the testator's will.

Paragraph 2 of the syllabus in *Central Trust Co. of Northern Ohio v. Smith* (1990), 50 Ohio St. 3d 133, states:

"2. The common-law rule known as 'stranger to the adoption' was abrogated as to wills, including trusts established by wills, as of the effective date of G.C. 8004-13, even though the doctrine remained viable as to trust instruments until the amendments to R.C. 3107.13 effective in 1972." *(Ohio Citizens Bank v. Mills* [1989], 45 Ohio St. 3d 153, 543 N.E. 2d 1206, corrected and explained.)"

The effective date of G.C. 8004-13 was August 28, 1951. Accordingly, the "stranger to the adoption" rule was abrogated before the testator's death in 1967.

Thus, appellant's first assignment of error is sustained.

### II.

By her second assignment of error, appellant argues that the probate court erred in closing the class of beneficiaries of the testamentary trust at the time of the testator's death when the will specifically provided for the vesting of the children's rights at the termination of the life tenancy of William Solomon. Paragraph 4 of the syllabus in *Central Trust v. Smith*, supra, states:

"4. A class in a testamentary trust does not necessarily close at the death of the testator, but may remain open to enlargement, if the language of the instrument, interpreted in light of applicable laws and all pertinent circumstances of the execution of the instrument, shows that to be the intent of the testator."

The trust created by the testator's will specifically provides that upon the death of the testator's brother, William Solomon, the trust estate "shall vest in and be distributed share and share alike to his [William Solomon's) then living children." Consequently, the language of the testator's will provides that the rights of William Solomon's children vested at the time of William Solomon's death. At the time of William Solomon's death in 1987, he had two living children, the appellee and the appellant.

Accordingly, appellant's second assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is reversed, and this cause is remanded to that court for further proceedings according to law.

MILLIGAN, J., and HOFFMAN, J., concur.